SAMUEL WEINBERG, Respondent, *against* GUSTAVE BLUM *et al.*, Appellants.

(Decided December 28th, 1885).

In an action to recover compensation for services rendered under an agreement, where the complaint avers due performance by plaintiff of the agreement on his part, and the answer contains a general denial, evidence of the breaches of the contract by plaintiff is admissible under the general denial.

Plaintiff agreed to render services as salesman to defendants for the compensation of certain commissions on his sales, with the privilege of drawing $25 per week, said amount to be deducted from his commission. *Held*, that he was entitled to receive the weekly payment during the continuance of his employment, whether he had or had not earned commissions to that amount.

APPEAL from a judgment of the District Court in the City of New York for the Seventh Judicial District, entered upon the verdict of a jury.

The action was brought for a weekly payment under a written agreement by which plaintiff was to render services as salesman from May 11th, to December 31st, 1885, for the compensation of 5 per cent. commission on his sales, 3 per cent. on duplicate orders of his sales, and 3 per cent. on sales for any such customers of the house as he might influence to buy; with the privilege of drawing $25 per week, said amount to be deducted from his commission.

At the trial the jury found a verdict for plaintiff for $25, and judgment for plaintiff for that sum and costs was entered thereon. From the judgment defendants appealed to this court.

*Sol. Kohn*, for appellants.

*Kurzman & Yeaman*, for respondents.

J. F. DALY, J.—[After stating the facts as above.]—The complaint averred due performance by plaintiff of the agreement on his part, and the answer contained a general denial. Under the general denial it was proper to receive any evidence disproving the allegations of the complaint that the conditions of the contract had been performed by plaintiff (*Chatfield* v. *Simonson*, 92 N. Y. 209).

The justice excluded from the consideration of the jury all the evidence of breach of contract by plaintiff, on the ground that such breach was not pleaded and that the general denial did not cover it. This was error and requires the reversal of the judgment.

The main question in the case was whether plaintiff was entitled to receive the $25 per week during the continuance of his employment whether he had or had not earned commissions to that amount. As the case must go back for a new trial it is proper that we should pass upon that question. It can be argued that as the $25 was to be deducted from his commissions it would not become due unless there were commissions earned from which it might be deducted. On the other hand it could be argued that if commissions to

Weinberg v. Blum.

that amount were earned plaintiff would be entitled to them as matter of right and not as a privilege, and yet the contract speaks of his drawing $25 weekly as a " privilege."

I think the proper construction to be given the contract is that which entitled the plaintiff to the $25 per week irrespective of the amount of commissions earned. The commissions earned under the contract were not payable until the termination of the contract. The writing being silent as to the time of payment, payment is not due until the whole contract is performed. This is also apparent from the fact that the contract contains the specific provision for drawing $25 per week and no more during the whole period of employment and the drawing of that $25 is denominated a " privilege." If the commissions were not payable until the completion of the contract, then plaintiff had the whole period of the contract to earn them, and could not be cut off from doing so by being discharged at any earlier period, on the ground that he had not earned commissions equal to the aggregate of the weekly installments he had drawn to that time.

If defendants had intended that the $25 per week should not be drawn unless commissions to that amount had been earned, and that the commissions were to be computed and paid as earned, it could have been so expressed in the writing, but in that case the weekly sum drawn by plaintiff would not be a privilege but money due him. The word privilege denotes that the payment was in advance of his right to claim it, and he could not therefore be discharged because he was in advance of lawful claims for moneys earned.

The appellant makes a computation to show that plaintiff was not entitled to $25 at the time of discharge, even if entitled in any event to $25 per week. As this is an action for such installment earned before the discharge such computation may properly be considered. After the discharge plaintiff has only an action for damages.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

LARREMORE and VAN HOESEN, JJ., concurred.

Judgment reversed and new trial ordered, with costs to abide event.