(64 App. Div. 408.)

### ISAACSEN v. ANDREWS.

(Supreme Court, Appellate Division, Second Department.   October 4, 1901.)

1. COMMERCIAL TRAVELER—DRAWING ACCOUNT—SUIT FOR INSTALLMENT—TERMINATION OF CONTRACT—EVIDENCE—NONSUIT—PROPRIETY.

Defendant employed plaintiff as a traveling salesman, agreeing to deposit $2,750, to be drawn against in monthly installments by plaintiff, the commissions earned to be checked off against this deposit, and the balance to be adjusted. In a suit by plaintiff for the installment due April 30th it appeared that some friction had arisen between the parties, and that on April 27th defendant served a paper on plaintiff, which was not introduced in evidence. It also appeared that defendant's treatment of plaintiff in the latter part of April was so far hostile as to justify the latter in treating it as a discharge had he so elected. *Held*, that a nonsuit on the ground that plaintiff had been discharged was improper.

2. SAME—PROOF OF COMMISSIONS—NECESSITY.

In an action by a traveling salesman to recover an installment of a drawing account under an agreement that the amount of his commis-

sions should not affect his right to draw monthly installments, but that at the termination of his employment the commissions earned should be checked off against the deposit, and the balance adjusted between the parties, plaintiff need not prove the amount of commissions earned, in the absence of evidence of a termination of the contract.

Appeal from municipal court, borough of Brooklyn.

Action for breach of contract by William Isaacsen against Benjamin Andrews. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Michael Furst, for appellant.
Arthur Furber, for respondent.

HIRSCHBERG, J. In disposing of this appeal on the record as it is presented to us, we are compelled to reverse the judgment. The parties entered into a written agreement in December, 1900, providing for the employment of the plaintiff by the defendant as a traveling salesman for the year 1901. The agreement provided that the plaintiff should receive certain commissions on goods sold by him, and on all accounts opened through his influence in certain territory; that he should be allowed a drawing account of $2,750 for the year, to be drawn against in equal monthly installments, and that there should be no contentions as to why the plaintiff did not sell sufficient goods to cover the drawing account so advanced; but at the termination of the contract at the end of the year, or sooner if sooner terminated for any reason, the defendant would pay the plaintiff the excess of his earned commissions over the amount drawn, and the plaintiff would pay the defendant, on demand, the difference, should the earned commissions be less than the amount drawn. The performance of the agreement on plaintiff's part was guarantied apparently by one Daniel Stern, and under it he was allowed to draw the monthly installments for the first three months. His draft for the month of April, however, was not honored, and this action was brought to recover it, being the sum of $229.16. The complaint alleges that by the terms of the contract the plaintiff became entitled to draw it on the 30th of April, 1901. The answer of the defendant pleads the general issue, and, among other defenses, that the plaintiff had been discharged from the defendant's service under the agreement prior to April 30, 1901. On the trial the plaintiff was the only witness examined. He proved the execution of the contract, which was duly received in evidence, and also proved the demand for the monthly installment on April 30th, and the defendant's refusal to pay it. This established a prima facie case, which entitled the plaintiff to recover (Weinberg v. Blum, 13 Daly, 399) if the contract was still alive and the plaintiff had not been discharged on the date when the installment became due. This right to recover is wholly independent of the amount of commissions earned at the time, and no proof of such earnings was necessary. The defendant, on plaintiff's cross-examination, proved that during the month of April some friction was developed between the parties, growing out of a dispute as to the construction of the contract, and

that on the 27th of April the defendant caused a paper to be served on the plaintiff. This paper was produced, and marked for identification, but it was not read in evidence, and its contents are not disclosed. We cannot assume that it is a formal discharge; still less that it is framed to take effect prior to April 30th. The defendant further proved on such cross-examination that his conduct towards the plaintiff in the latter part of the month of April was so far hostile and unfriendly as to justify the latter in treating it as a discharge had he so elected (Bundick v. Strauss, 51 App. Div. 612, 64 N. Y. Supp. 1132); but it is evident that the plaintiff did not so regard it at the time this action was commenced, and the complaint is drawn on the theory that the contract is still in force. The complaint cannot possibly be construed as one for damages for breach of contract. The plaintiff having established a prima facie case to recover under the precise terms of the agreement, and there being no evidence of any other breach of the agreement than the refusal to pay the installment in suit, the nonsuit was manifestly improper. The judgment should be reversed.

Judgment of the municipal court reversed, and new trial ordered; costs to abide the event. All concur.