### ISAACSEN v. ANDREWS.

(Supreme Court, Appellate Division, Second Department. March 7, 1902.)

MASTER AND SERVANT—DISCHARGE OF SERVANT—SUFFICIENCY.

A disagreement having arisen between a traveling salesman and his employer as to commissions, the employer served a written notice on the salesman, which, after setting out the latter's contention, stated that

the employer refused "to recognize said contract as written and to avail himself of the salesman's services any further under the contract as * * * construed" by the salesman. After further stating that the employer had been guarantied against loss through the salesman, which guaranty was a condition of employment, the notice further stated that the employer "repudiated the contract as written to the extent that permitted the construction" claimed for it by the salesman, and "refused to proceed further under it unless" the present guarantor or some other suitable person would guaranty the employer against loss under the construction insisted on by him. A few days later the employer's attorney wrote a letter to the salesman's attorney stating that the employer "was perfectly willing to carry out his contract," but that the salesman was attempting, etc., and further that. if suitably guarantied against loss, the employer was "perfectly willing to continue to make advances," etc. *Held*, that the notice served on the salesman was at most a conditional discharge, so as to require further action by the employer to deprive the salesman of an installment of salary falling due thereafter.

Appeal from municipal court, borough of Brooklyn, Second district.

Action by William Isaacsen against Benjamin Andrews, doing business as B. Andrews & Co. From a judgment of the municipal court of the city of New York in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Arthur Furber, for appellant.
Michael Furst, for respondent.

WILLARD BARTLETT, J. The facts of this case are fully stated in the opinion of Mr. Justice Hirschberg on a former appeal. Isaacsen v. Andrews, 64 App. Div. 408, 72 N. Y. Supp. 177. Upon the second trial, which now comes up for review, the defendant introduced evidence tending to prove that he had discharged the plaintiff from his employment prior to April 30, 1901, the date when the monthly installment became due for which the plaintiff has recovered judgment in this suit. . There was a direct conflict in the oral testimony on the subject, and, so far as that is concerned, the proof in behalf of the plaintiff to the effect that he was not discharged is sufficient to sustain the finding of the trial court in his favor in that respect. The appellant, however, insists that the plaintiff was discharged by notice served upon him on April 27, 1901. This paper was marked for identification, but not read in evidence, on the first trial, but was proved and read upon the trial now under review. It was signed by the defendant, addressed to the plaintiff, and reads as follows:

"In view of the fact that you have declared you intend to take advantage of the ambiguity or oversight in our contract for you to travel and sell goods for me in the New England states, New York state, and Pennsylvania, because the city of New York, as now constituted, is not excluded from its operation, and to claim commission on my business in New York City, although you do not drum this city, but the same is and has been for many years drummed by others at my expense, as you well know, you will take notice that I refuse to recognize said contract as written, and refuse to avail myself of your services any further under the contract as attempted

and intended to be construed by you; and inasmuch as it was material and condition precedent to the entering into the contract that I should be guarantied against any loss in case your commissions should not amount to the sum of your drawings and expenses (your commissions always having fallen short of your drawings in past years), and Mr. Stern, your guarantor, possibly being entitled to have the contract construed most favorably to him in the event of he being called upon to make good any deficiency, I give you notice that I now repudiate the contract as written to the extent that permits the construction thereof to include New York City within its operations, and refuse to proceed further under it unless your guarantor, or some other capable person, shall be willing to obligate themselves to be responsible for any deficiency within the provisions of the contract as limited to the New England states, the state of Pennsylvania, and the state of New York outside of the city of New York."

This communication clearly does not amount to an absolute discharge of the plaintiff from the service of the defendant. Of course, it was intended to notify the plaintiff that defendant would not go on under the contract unless the plaintiff abandoned his construction thereof, and consented to the construction put upon the instrument by the defendant. It seems to me, however, that it was only a step in a negotiation entered into by the defendant for the purpose of procuring a modification of the contract of employment, and that at most it was a conditional, and not an absolute, discharge. If so, further notification or further action on the part of the defendant was necessary to discharge the plaintiff so as to deprive him of the right to payment of the installment falling due on April 30, 1901. That the defendant himself did not intend the communication of April 27th as an absolute discharge further appears by a communication from his attorney, addressed to the attorney for the plaintiff on the 30th day of the same month, in which the writer said:

"Mr. Andrews is perfectly willing to carry out his contract with Mr. Isaacsen, but Mr. Isaacsen is seeking to take advantage of the contract because the written evidence of the same by mistake did not clearly exempt the city of New York from its operations."

That communication concludes with this statement:

"If Mr. Stern so understands that Mr. Isaacsen's right to commission be limited to the sales made in the specified territory excluding the city of New York, and is ready to stand by his guaranty on this understanding, and will signify this in writing, Mr. Andrews is perfectly willing to continue to make advances; otherwise he will not."

This language is inconsistent with the idea that the plaintiff had already been absolutely discharged. If I am right in this view of the effect to be given to the correspondence between the parties, the judgment should be affirmed.

Judgment affirmed, with costs. All concur.