WILLIAM ISAACSEN, Respondent, *v.* BENJAMIN ANDREWS, Doing Business under the Name of B. ANDREWS & Co., Appellant.

*Master and servant — contract of employment — what notice to the employee is not an absolute discharge.*

Where a dispute arises between an employer and an employee, as to whether, as claimed by the employer and denied by the employee, the contract excluded the city of New York from its operation, a letter written by the employer to the employee, stating that in view of the employee's construction of the contract, "you will take notice that I refuse to recognize said contract as written, and refuse to avail myself of your services any further under the contract as attempted and intended to be construed by you. * * * I give you notice that I now repudiate the contract as written, to the extent that permits the construction thereof to include New York city within its operations, and refuse to proceed further under it unless your guarantor, or some other capable person, shall be willing to obligate themselves to be responsible for any deficiency within the provisions of the contract as limited to the New England States, the State of Pennsylvania and the State of New York, outside of the city of New York," is not an absolute discharge of the employee, but simply a step taken for the purpose of procuring a modification of the contract, especially when it appears that the employer's attorney a few days thereafter wrote to the attorney of the employee, stating that the employer was willing to carry out the contract as interpreted by him.

APPEAL by the defendant, Benjamin Andrews, doing business under the name of B. Andrews & Co., from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, in favor of the plaintiff, entered on the 13th day of November, 1901, upon the decision of the court.

*Arthur Furber*, for the appellant.

*Michael Furst* [*Fred M. Gross* with him on the brief], for the respondent.

WILLARD BARTLETT, J. :

The facts of this case are fully stated in the opinion of Mr. Justice HIRSCHBERG on a former appeal. (*Isaacsen* v. *Andrews,* 64 App. Div. 408.) Upon the second trial, which now comes up for review, the defendant introduced evidence tending to prove that he had discharged the plaintiff from his employment prior to April 30, 1901, the date when the monthly installment became due for which the plaintiff has recovered judgment in this suit.

There was a direct conflict in the oral testimony on the subject, and, so far as that is concerned, the proof in behalf of the plaintiff, to the effect that he was not discharged, is sufficient to sustain the finding of the trial court in his favor in that respect. The appellant, however, insists that the plaintiff was discharged by notice served upon him on April 27, 1901. This paper was marked for identification, but not read in evidence, on the first trial, but was proved and read upon the trial now under review. It was signed by the defendant, addressed to the plaintiff, and reads as follows :

"In view of the fact that you have declared you intend to take advantage of the ambiguity or oversight in our contract for you to travel and sell goods for me in the New England States, New York State and Pennsylvania, because the city of New York, as now constituted, is not excluded from its operation, and to claim commission on my business in New York city, although you do not drum this city, but the same is and has been for many years drummed by others at my expense, as you well know, you will take notice that I refuse to recognize said contract as written, and refuse to avail myself of your services any further under the contract as attempted and intended to be construed by you, and, inasmuch as it was material and condition precedent to the entering into the contract that I should be guaranteed against any loss, in case your commissions should not amount to the sum of your drawings and expenses (your commissions always having fallen short of your drawings in past years), and Mr. Stern, your guarantor, possibly being entitled to have the contract construed most favorably to him in the event of he being called upon to make good any deficiency, I give you notice that I now repudiate the contract as written, to the extent that permits the construction thereof to include New York city within its operations, and refuse to proceed further under it unless your

guarantor, or some other capable person, shall be willing to obligate themselves to be responsible for any deficiency within the provisions of the contract as limited to the New England States, the State of Pennsylvania and the State of New York, outside of the city of New York."

This communication clearly does not amount to an absolute discharge of the plaintiff from the service of the defendant. Of course, it was intended to notify the plaintiff that defendant would not go on under the contract unless the plaintiff abandoned his construction thereof, and consented to the construction put upon the instrument by the defendant. It seems to me, however, that it was only a step in a negotiation entered into by the defendant for the purpose of procuring a modification of the contract of employment, and that at most it was a conditional and not an absolute discharge. If so, further notification or further action on the part of the defendant was necessary to discharge the plaintiff so as to deprive him of the right to payment of the installment falling due on April 30, 1901. That the defendant himself did not intend the communication of April twenty-seventh as an absolute discharge further appears by a communication from his attorney addressed to the attorney for the plaintiff on the thirtieth day of the same month, in which the writer said, "Mr. Andrews is perfectly willing to carry out his contract with Mr. Isaacsen, but Mr. Isaacsen is seeking to take advantage of the contract, because the written evidence of the same by mistake did not clearly exempt the city of New York from its operations." That communication concludes with this statement: "If Mr. Stern so understands that Mr. Isaacsen's right to commission be limited to the sales made in the specified territory, excluding the city of New York, and is ready to stand by his guarantee on this understanding, and will signify this in writing, Mr. Andrews is perfectly willing to continue to make advances; otherwise, he will not." This language is inconsistent with the idea that the plaintiff had already been absolutely discharged.

If I am right in this view of the effect to be given to the correspondence between the parties, the judgment should be affirmed.

All concurred.

Judgment of the Municipal Court affirmed, with costs.