(45 Misc. 409)

### SCHWERIN v. ROSEN.

(Supreme Court, Appellate Term. November 10, 1904.)

1. CONTRACT OF EMPLOYMENT—CONSTRUCTION.

Where plaintiff's contract of employment for a year provided for certain commissions as compensation, and that he could draw a specified sum "weekly for his personal use, same to be charged to his commission account," plaintiff could draw the amount specified without proof that commissions in excess of the amount had been earned.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Isaac Schwerin against Abraham Rosen, trading as A. Rosen & Co. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Henry L. Franklin, for appellant.
Jonas B. Weil, for respondent.

BISCHOFF, J. By the contract in suit the plaintiff was employed as a salesman for the period of one year, with the following provision for compensation:

· "In consideration of the faithful performance of his duties, said A. Rosen & Company, agree to pay said I. Schwerin seven and one half per cent commission on all goods sold and retained in above territory, sales to be figured on net basis; said A. Rosen & Company also agree to allow said I. Schwerin to draw the sum of fifty dollars per week for his personal use, same to be charged to his commission account."

¶ 1. See Master and Servant, vol. 34, Cent. Dig. § 83.

The action is for two weekly drawings of $50 within the period of this contract, and the defendant insists that the recovery was unauthorized, in the absence of proof that commissions in excess of the amount sought to be drawn had been earned before the period at which the withdrawal was sought. This agreement is in no way distinguishable from that before the court in Weinberg v. Blum, 13 Daly, 399, in which case the court adopted the construction that, since no time was fixed for the payment of commissions, the commission account was to be adjusted at the end of the period of employment, and that the provision for weekly withdrawals imported the agreement by the employer to pay that sum from week to week, irrespective of the question whether commissions had accrued for application to each withdrawal. The agreement before us specified no time for the payment of these commissions. The amount was to be calculated on the basis of sales of goods sold and retained by purchasers, but this in no way affected the time of payment, and, upon familiar principles, the contract is to be construed as calling for the payment of commissions only at the end of the period of employment, the account to be then adjusted by deducting the agreed withdrawals of $50 per week from the gross amount of commissions earned and payable under the contract. The authority of the case above cited has never been questioned, and it appears to be in accordance with sound reason.

Judgment affirmed, with costs. All concur.