WOOLF v. TURKEL et al.

(Supreme Court, Appellate Term.   March 5, 1909.)

MASTER AND SERVANT (§ 80*)—CONTRACT OF EMPLOYMENT—DISCHARGE OF EM-
PLOYÉ—REMEDIES.

A contract of employment for a year provided for commissions on sales
by the employé and for an advancement of $75 weekly and $100 in addi-
tion thereto while on the road, and stipulated that moneys drawn dur-
ing the year by the employé should be deducted from the earnings at the
end of the year on a settlement.   The employé was discharged three
months before the end of the year.   He had received $5,261.96, of which
$1,150 was paid him for traveling expenses and the commissions earned
were $3,964.30.   *Held*, that the employé could not maintain an action for
the weekly advancements subsequent to his discharge; but his remedy, if
any, was to sue for an accounting.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 80.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth Dis-
trict.

Action by Coleman Woolf against Bernard Turkel and another.
From a judgment for defendants, rendered in the Municipal Court,
plaintiff appeals.   Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAY-
TON, JJ.

Epstein Bros., for appellant.
Spiro & Wasservogel, for respondents

PER CURIAM.   This action has been brought to recover two in-
stallments on a breach of a written contract of employment, whereby
the defendants were to pay the plaintiff $75 a week, and the install-
ments in suit cover a period from October 5, 1908, to October 18, 1908,
amounting to $150.   No oral evidence was introduced upon the trial, and
the following facts have been conceded: On October 12, 1906, a con-
tract of employment, commencing January 1, 1907, and ending Decem-
ber 31, 1907, was entered into between the parties, whereby the de-
fendants were to pay plaintiff a commission of 7⅛ per cent. on the
gross sales made by him for defendants; except sales to certain houses,
upon which the commission was to be 4¾ per cent. only.   Said agree-
ment also provided that:

"The parties of the first part [defendants] shall advance to the party of the
second part [plaintiff] the sum of $75 weekly, and, while traveling on the
road for the purposes aforesaid, the sum of $100 in addition thereto, and all
the moneys drawn during the year by the party of the second part [plaintiff]
shall be deducted from the earnings at the end of the year, when settlement is
made."

On November 23, 1907, this agreement was extended for another
year, ending December 31, 1908.   From January 1, 1908, to October
2, 1908, there was advanced to plaintiff by defendants the sum of $5,-
261.96.   Between said dates plaintiff was traveling on the road for de-
fendants 11½ weeks.   The amount of commissions earned by him to
the date of the trial was the sum of $3,964.30.   Whenever drawings

were made from time to time, nothing was said between the parties as to the applications of the moneys so drawn; but all moneys were advanced or paid under the contract. It is clear that defendants had advanced to plaintiff, up to the time in suit, a sum considerably greater than the amount of the latter's commissions earned up to that date. Nevertheless, plaintiff claims that he was entitled to his weekly advances of $75, because the settlement was to be made between the parties at the end of the year, when the moneys so advanced during the year were to be deducted from plaintiff's commissions earned during the year; and plaintiff urges that defendants were not at liberty to stop the weekly advances of $75 until the end of the year. The court found for defendants. Plaintiff appeals.

The defendants do not claim that plaintiff has in any way violated the contract or failed to comply with its conditions, and it is urged that it is not unreasonable to assume that at the end of the year plaintiff's commissions may have amounted to or exceeded the amount of the advances, since the contract had about three more months to run. An analysis of the contract and of the undisputed testimony does not support the objections urged to this judgment in defendants' favor. This action is, as above stated, for two weeks' salary, and not for commissions. Plaintiff has received, as we have seen, $5,261.96, of which the sum of $1,150 was paid for traveling expenses, which is all he claims for such expenses. His commissions were not due until the end of the year, when a settlement was to be made, and the advances for salary and expenses deducted therefrom. His salary for the whole year would be $3,900. If we add this to the $1,150 paid for traveling expenses, we have the total sum of $5,050, which is $211.96 less than the sum already paid to plaintiff. It is clear, therefore, that plaintiff has received that sum in excess of all that he could claim for salary and traveling expenses, even allowing him his entire salary for the whole year. How, then, can he maintain this action for salary? His remedy, if any, would seem to be an action for an accounting, in which it can be determined whether at the end of the year his commissions exceeded the amount already paid him. As to that, however, we express no opinion.

The judgment should be affirmed, with costs.

MacLEAN, J. (concurring in result). It was the agreement that during the calendar year 1908, the term of plaintiff's employment, his employers, the defendants, should "advance to the party of the second part [the plaintiff] the sum of $75 weekly, and while traveling on the road for the purposes aforesaid the sum of $100 in addition thereto." On October 18th the plaintiff demanded $150. This the defendants declined to pay, saying he had drawn more than his due. So he had. Not restricting himself to taking his advances weekly, but, drawing in lump sums, he had drawn in the preceding 42 weeks $5,261.96, although he was entitled, for 42 weeks, at $75, to only $3,150, and for traveling 11½ weeks, at $100, $1,150—$4,300, leaving his account overdrawn $961.96. It is of no present moment that he had made sales of merchandise, commissions on which would have to be taken into

account as offset earnings "at the end of the year when settlement is made." For as to them, in this respect, the agreement was only:

"At the end of the term of this contract the accounts of sales made, shipped, and accepted as aforesaid shall be computed and settled."

The decisions in Schwerin v. Rosen, 45 Misc. Rep. 409, 90 N. Y. Supp. 407, and in Schlesinger v. Burland, 42 Misc. Rep. 206, 85 N. Y. Supp. 350, are not applicable, for the facts therein were dissimilar, nor would they be so were the facts mutatis mutandis similar, if the obligations of the parties be as plain as they here appear.