### NEWTON, WELLER & WAGNER CO. v. HOCKER. (No. 6369.)

(Court of Civil Appeals of Texas. San Antonio. March 24, 1920.)

**1. Pleading ⊚➝382(1)—Evidence as to terms of contract and performance held admissible under general denial.**

In an action by a merchant to recover overdrafts by his salesman, the contract of employment and evidence to show commissions not credited to the salesman are admissible under the general denial, as directly contributing to the defense and not in the nature of a confession and avoidance or affirmative matter.

**2. Master and servant ⊚➝70(1) — Salesman held entitled to fixed sum regardless of sales.**

A contract whereby a merchant agreed to pay a salesman a percentage on his sales and to allow him to draw a fixed sum per week until his sales warranted an increase in amount of weekly drawing entitles the salesman to retain fixed sum, even if commissions earned do not equal the amount.

**3. Master and servant ⊚➝70(2) — Salesman held entitled to commission on orders not filled because of lack of goods.**

A contract which gave a salesman commission on the sales made by him, but reserved to the merchant right to make prices and control credits, and provided for no commission for merchandise returned or accounts not collected, entitles the salesman to the commission on sales at merchant's list price to those willing, able, and ready to pay for the same, where the goods were not delivered because merchant did not have them in stock.

Appeal from Bexar County Court; John H. Clark, Judge.

Action by the Newton, Weller & Wagner Company against T. W. Hocker. Judgment for defendant, and plaintiff appeals. Affirmed.

J. D. Martin, of San Antonio, for appellant.

Alex C. Bullitt, of San Antonio, for appellee.

COBBS, J. This suit grew out of a contract between appellant and appellee, in which appellant, a wholesale and retail merchant, employed appellee as salesman. We copy from appellant's statement, as follows:

"The suit was for $230.59, claimed by appellant, growing out of overdrafts drawn by appellee on appellant during his services under the contract; the contention of appellant being that this amount was due from appellee after having given him credit for all of the sales of goods that he made for appellant upon a commission of 8½ per cent. The appellee only opposed a general denial to appellant's petition, and the controverted point in this case is the construction which the court on the trial put upon the contract. If the court's construction was correct, then appellant was not entitled to

recovery, and judgment was properly rendered for the defendant."

The answer contains exceptions and general denial. From the above statement and admission of appellant, the only question for us to determine is whether the trial court's construction of the contract was correct. The case was tried without a jury, and the court rendered judgment for appellee, that plaintiff take nothing by the suit, and all costs were adjudged against the plaintiff.

This suit, according to appellant, must be determined by the court's construction of the contract. He filed his findings of fact and conclusions of law, at the request of plaintiff. We set them out as follows:

### "Findings of Fact.

"First. That on November 29, 1913, the plaintiff and defendant entered into the following contract:

"'This is to certify that the following agreement has been entered into this date by Newton, Weller & Wagner Company, known hereafter as the party of the first part, and T. W. Hocker, known hereafter as party of second part, for the purpose of selling merchandise at wholesale prices in city of San Antonio and such points as may be designated from time to time around San Antonio. The party of the first part agrees to give the party of second part exclusive sale of their merchandise and wares for above city and other points which may be designated hereafter.

"'The party of first part agrees to pay party of second part, for such sales as he may make, 8½ per cent. on same, and further agrees to allow party of second part to draw the sum of $25 per week until such time as his sales may warrant an increase in amount of weekly drawing.

"'The party of second part agrees that the party of the first part reserve the right to make all prices and to control all credits covering the merchandise sold by him from time to time, and not to receive any credit for merchandise returned and credited, or on any accounts not collected, or failures.

"'The party of the second part further agrees to devote his time entirely in the interest of party of the first part, and to furnish another man or men to assist in working the city thoroughly in the interest of party of first part.

"'The party of the second part further agrees to furnish such horses and buggies as may be needed to reach the trade as often as the trade may demand.

"'This agreement shall run as long as it is agreeable and profitable to both parties to same.
"'Newton, Weller & Wagner Co.,
"'By S. B. Weller, President.
"'T. W. Hocker.

"'This agreement to take effect January 1, 1914.'

"Second. That on the 1st day of January, 1914, the defendant entered upon the performance of the above contract, in the sale of goods, wares, and merchandise for Newton, Weller & Wagner Co., and also his son, —— Hocker, did the same thing; that —— Hocker, his son, worked on the said contract for about six

months, and during the time that the son worked he drew the sum of $7.50 per week; that the defendant continued to perform his duties under the said contract until the ———— day of June, 1916, during which time he drew, under his said contract, the sum of $17.50 per week.

"Third. That the defendant and his said son, during the time they were performing said contract, sold goods and merchandise for plaintiff from written or printed documents furnished to him and them by the plaintiff, showing a description of the goods to be sold, and also the prices, and that the defendant and his said son, in selling merchandise for plaintiff, acted upon this information and this alone, in making sales.

"Fourth. That defendant and his son, working under defendant, earned the sum of $1,971.31 at 8½ per cent. commission upon merchandise sold and delivered, and $231.54 at 8½ per cent. upon merchandise sold to those who were willing, ready, and able to pay for the merchandise so sold to them, but were not delivered because the plaintiff did not have the articles so sold by defendant and his son in stock, although plaintiff had requested the defendant to sell these articles, and furnished defendant and his son a description of these articles and the prices thereof to be sold—a total of $2,208.85.

"Fifth. That plaintiff paid to the defendant and his son the sum of $2,207.90, and that the defendant earned the sum of 95 cents more than received.

"Sixth. That on or about the 1st day of July, 1915, the defendant received from plaintiff the following statement:

" 'Hocker Sales.

| | 1914. | 1915. | 1914 | ...$6,149.47 |
|---|---|---|---|---|
| January | ..$1,039.62 | $ 797.73 | | |
| February | .. 870.45 | 461.43 | 1915 | ... 4,297.90 |
| March | .... 1,244.85 | 629.77 | | |
| April | ...... 1,289.51 | 733.87 | | $1,851.57 Short. |
| May | ....... 883.46 | 1,009.02 | | |
| June | ...... 821.57 | 666.08 | Salary | $ 455.00 Paid. |
| | $6,149.47 | $4,297.90 | | |

" 'This is for all goods sold up to July 1st. Mr. Hocker, we must sell more goods in San Antonio.

" 'Weller.'

"Conclusions of Law.

"The court concludes as a matter of law that the plaintiff is not entitled to recover for the following reasons:

"First. The amount of money that the defendant had received from plaintiff during his performance of the contract was not greater than the amount defendant was entitled to receive under his contract, at 8½ per cent. commission, on his sales.

"Second. That defendant, under the evidence in the cause, was entitled to draw the sum of $25 per week, and if the commission earned did not equal this amount, he was not required to pay the plaintiff anything he may have drawn up to $25 per week, and that his compensation was to be at least $25 per week while performing his contract.

"Third. That all that was required of defendant under the contract was to sell merchandise for plaintiff to those who were willing, able, and ready to pay for the same, and when

sales were made it was the duty of the plaintiff to deliver the merchandise so sold.

"Therefore it is the opinion of the court that the plaintiff is not entitled to recover, to which plaintiff excepts."

[1] It is contended by appellant that the testimony offered to defeat plaintiff's claim was in the nature of a confession and avoidance of the facts alleged, and could not be admitted under the plea of general denial. We do not think the evidence introduced by the defendant was, for the reasons stated, objectionable. They were matters that directly contributed to the defense, and not in the nature of a confession or avoidance or affirmative matter. Winn v. Gilmer, 81 Tex. 347, 16 S. W. 1058. This assignment is overruled.

[2, 3] We do not see any reason to differ with the trial court in the deductions made from the evidence, based on the contract by him.

There are no substantial errors assigned, and they are overruled, and the judgment is affirmed.