## SONNENBERG v. ERNST. (No. 8072.)

(Court of Civil Appeals of Texas. Galveston. May 31, 1921.)

1. Vendor and purchaser �köö349—Complaint in action for vendor's breach held to state cause of action.

A petition alleging that defendant entered into contract with plaintiff to sell him certain land, and that plaintiff paid part of purchase price, that defendant refused to convey land, that plaintiff was ready and willing to carry out his part of contract, that plaintiff was damaged $450 by defendant's refusal to convey, and that defendant agreed to pay that amount as liquidated damages in case he failed to convey, states facts sufficient to constitute a cause of action.

2. Frauds, statute of ⊙⊶74(1)—Applies to alternative contract to convey land or pay liquidated damages.

A contract to convey land or pay liquidated damages is within the statute of frauds, and though part of purchase price has been paid,

the contract must be in writing, either to enforce specific performance or recover damages for its breach.

**3. Frauds, statute of ⊚⇒150(2)—On general demurrer, a presumption arises that a contract within the statute of frauds was in writing.**

In an action on a contract within the statute of frauds, on a general demurrer to the petition, a presumption arises that the contract was in writing.

**4. Vendor and purchaser ⊚⇒349—Petition held not to be for money paid under the contract.**

A petition which set out that defendant had contracted to sell certain land to plaintiff, that plaintiff had paid $450 of the agreed price, that defendant agreed to pay $450 liquidated damages for breach of contract, and asked $450 damages for a refusal to convey, seeks recovery for the liquidated damage, and not for the purchase money paid.

**5. Frauds, statute of ⊚⇒138(2)—Recovery of part of purchase price paid may be had even if contract was oral.**

Where defendant agreed to convey land to plaintiff, who paid part of the purchase price, the money paid may be recovered, though the contract to convey was oral.

**6. Frauds, statute of ⊚⇒129(5) — Part payment of purchase price does not take contract out of the statute.**

Part payment of the purchase price in a contract to convey land is not such a part performance as will remove the contract from the statute of frauds.

Appeal from Austin County Court; W. I. Hill, Judge.

Action by Otto Sonnenberg against A. C. Ernst. From a judgment of dismissal, plaintiff appeals. Reversed and remanded.

C. D. Duncan and C. G. Krueger, both of Bellville, for appellant.

LANE, J. This suit was brought by appellant, Otto Sonnenberg, against appellee, A. C. Ernst, to recover the sum of $450 as liquidated damages, which appellant alleged accrued by reason of the breach by appellee of a certain contract entered into between the parties.

[1] Appellant, in his petition in the trial court, alleged substantially that appellee had, on the 26th day of June, 1920, entered into a contract with appellant by the terms of which he agreed and obligated himself to sell and convey to appellant a certain 23 acres of land situated in Austin county, Tex., for a consideration of $1450; that by such contract said land was to be conveyed to appellant by a deed to be executed by appellee and wife on the 1st day of November, 1920; that he had on the day the contract was entered into paid appellee $250 as part of the purchase money for the land to bind

the trade, and that he had also paid appellee the further sum of $200, on the 16th day of August, 1920, as part of said purchase money; that appellee accepted such payments and retained them, and that he had failed and refused, and still refuses, to convey said land to appellant. He alleged further that he was at all times ready and willing to carry out his part of the contract, and that he made arrangements to move upon the land, to use, occupy, and cultivate the same during the year 1921, and that by reason of the breach of said contract by appellee he had been damaged in the sum of $450, and that at the time of the making of said contract appellee agreed, bound, and obligated himself that in the event he should fail or refuse to convey said land to appellant on the 1st day of November, 1920, he would pay to appellant the sum of $450 as liquidated damages.

To this petition appellee (defendant in the lower court), addressed a general demurrer, which was sustained by the court, and a judgment of dismissal was rendered. From this judgment Otto Sonnenberg has appealed. We think the petition on its face presents a good cause of action, and that the court erred in sustaining the general demurrer addressed thereto, and therefore the judgment must be reversed and the cause remanded for trial on its merits, and it is so ordered.

[2, 3] In view of another trial we deem it advisable to state that it is not shown by the petition of the plaintiff whether the contract alleged was in writing and signed by the defendant or was only an oral contract. Whether it was a written or oral contract cannot be decided upon general demurrer. The presumption is that a contract pleaded, which would otherwise be affected by the statute of frauds, was in writing. Graham v. Kesseler, 192 S. W. 299. If it was a written contract, and signed by the parties, that part of it by which the defendant agreed that he would pay the plaintiff $450 as liquidated damages, in the event he failed or refused to convey the land to plaintiff on the 1st day of November, 1920, could be recovered upon. However, a parol agreement in the alternative to convey land, or in case of failure to convey to pay a certain sum of money, is within the statute of frauds, and no action, either to compel a performance or to recover damages for its breach, can be maintained upon it. Mather v. Scoles, 35 Ind. 1; Patterson v. Cunningham, 12 Me. 506.

The case last cited is one in which a conveyance had been made, by a father, of certain lands and personal property to his two sons, they orally agreeing that after their father's death they would convey the same property to a sister, or pay her $300 in money. After the death of the father, the sons having failed to convey the land, the sister

sued for the $300. It was held by the court that the contract was invalid, under the statute of frauds, and also that the contract, being in the alternative, to pay money or convey lands, did not exempt it from the operation of the statute.

Both of these authorities, as well as many others, seem to establish the proposition that neither of the alternative agreements of the defendant Ernst was valid and binding if they were not in writing and signed by him, and consequently that no action could be maintained either to compel the conveyance of the land or for the recovery of the sum of money which Ernst agreed to pay in the event he failed to convey said land on the 1st day of November, 1920.

[4-6] The petition of the plaintiff cannot be construed as seeking recovery of the money paid under the contract. It is well settled that such recovery could be had upon the breach of the contract, even if the contract was oral. But payment of purchase money is not such a part performance as will take the case out of the statute of frauds.

Having reached the conclusions above expressed, the judgment is reversed, and the cause is remanded for trial on its merits.

Reversed and remanded.

⬤⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes