## BROWN v. WOMACK et al. (No. 1788.)

Court of Civil Appeals of Texas. Beaumont. May 31, 1929.

Rehearing Denied June 5, 1929.

O'Fiel & Reagan and Blain & Jones, all of Beaumont, for appellant.

Smith, Crawford & Sonfield, of Beaumont, for appellees.

WALKER, J. This suit was brought by appellant against appellees on the following allegations:

(1) His father, at the time he was about nine years old, contracted with J. G. Womack and his wife, Ella Womack, to release to them the care, custody, and control of this plaintiff and one of his minor brothers, on condition that Womack and wife would adopt this plaintiff and his brother as their sons, and at their death leave to them all their property.

(2) This contract was carried out by plaintiff's father, in that in writing he released to Womack and wife the care, custody, and control of this plaintiff, and that Womack and wife, in form and manner required by law, adopted this plaintiff and his minor brother as their sons.

(3) That afterwards this plaintiff, for himself, expressly agreed with Womack and wife that he would "reside with them and bestow upon them filial love and affection and work for and reside with them during his minority, or until their death, and treat them as his father and mother, and that the said Womack and wife, Ella Womack, did agree with said plaintiff that they would rear him as their own child and leave him all their property at their death."

(4) Plaintiff pleaded specifically the due performance of all of the obligations assumed by him in the contract pleaded.

(5) He pleaded further that Mrs. Womack died in 1925, leaving all her property to her husband, and that shortly afterwards the husband died, leaving all the joint estate of himself and his deceased wife to these appellees. The property belonging to the estate was inventoried in the petition, showing certain real estate and personal property, including money in the bank of a very substantial value, possibly $3,000.

It was further pleaded that the brother of plaintiff died prior to the death of the Womacks, and, under the contract as made, plaintiff was entitled to all of the estate owned by the Womacks at their death, and this suit was against appellees, beneficiaries under the will of the Womacks, for all of the estate left to them.

Appellees answered by general denial and the statute of frauds. They also answered by pleading other facts, but it is not necessary to state the substance of the answer further than already stated.

The trial was to the court without a jury, and judgment was against appellant and in favor of appellees for all the property in controversy. On motion of appellant, the trial court filed the following conclusions of law and fact:

## "Findings of Fact.

"1. J. J. Brown Plaintiff was the son of J. H. Brown. J. J. Brown's mother died prior to 1898, and left surviving, her husband, J. H. Brown, and other children including J. J. Brown, Plaintiff.

"2. June 3, 1899, J. H. Brown consented, in writing that J. J. Brown and his brother Joseph, aged respectively 9 and 8 years, might be adopted by J. G. Womack and his wife, Ella Womack, and on same date J. G. Womack and wife, Ella Womack, adopted the two children.

"3. The consent of the father, and the instrument of adoption are of record in Book 28, Pages 328 to 330 of the Deed Records of Jefferson County, Texas.

"4. Joseph Brown died while living in Dallas, in about 1918, J. J. Brown and his brother Joseph lived with J. G. Womack and his wife, Ella Womack, from the time of their adoption until about the time J. J. Brown was 21 years old.

"5. After leaving the Womacks', J. J. Brown married, and established his own home. While he lived with the Womacks he was treated as a son of the family and treated the Womacks as if they were his parents.

"6. The Womacks from time to time stated to several different persons that if the boys lived with them until they were 21 years of age, or until the death of the Womacks, they the Womacks, would leave them all the property the Womacks owned at the time of their death. On one of the occasions (at least) when this statement was made, J. J. Brown was present.

"7. There was no written contract between the Womacks and the Brown father J. H. Brown, nor between the said J. J. and Joseph Brown and the Womacks, concerning the leaving of the property to J. J. and Joseph Brown.

"8. The only writing concerning the said Brown children and the Womack property, was the adoption papers, and the consent of the father of the children that the Womacks might adopt them.

"9. J. G. Womack died June 3, 1925, leaving a written will and Mrs. Ella Womack died the latter part of June, 1925, leaving a written will. Both wills were admitted to probate. The property real and personal was devised to others than the plaintiff, except that plaintiff was given $100.00 in cash.

"10. The Womacks made no other will than those probated.

"11. J. J. Brown did not know that the Womacks had executed any will, until after the death of both of the Womacks.

"12. The said Brown children while living with the Womacks, were dutiful and obedient children and performed the usual services children usually perform for their parents, and in that way assisted in the accumulation of the estate.

## "Conclusions of Law.

"The contract or arrangement made by the said J. G. Womack and his wife Ella Womack, with the said J. J. Brown, were oral and are null and void, and plaintiff is not entitled to recover."

## Opinion.

As we understand the trial court's conclusions of fact, no conclusion was made to the effect that Womack and wife ever made with appellant the contract sued upon. Clearly, we think that the court found no express contract, and the allegations of appellant's petition was that he worked for, and lived with,

the Womacks under an express contract that he was to have their property.

However, if the conclusions of fact and law, taken together, constitute a finding of a contract, it was nothing more than an implied contract, and, as appellant did not base his cause of action upon an implied contract, the judgment was properly rendered against him, since proof of an implied contract does not sustain an allegation of an express contract.

On this construction of the trial court's conclusions of fact and law, it follows that the judgment of the lower court must be in all things affirmed, and it is accordingly so ordered.