**REYNOLDS v. WOOD et al.**

No. 9183.

Court of Civil Appeals of Texas. San Antonio.

Nov. 29, 1933.

Rehearing Denied Dec. 20, 1933.

C. K. Richards and C. S. Eidman, both of Brownsville, for appellant.

Abney & Whitelaw, of Brownsville, for appellees.

SMITH, Justice.

This appeal is from an order of dismissal following the sustaining of the general demurrer to appellant's third amended original petition, and the refusal of the trial court to permit appellant to amend.

The suit was to recover a balance alleged to be due appellant upon a contract embraced in the following letter from appellees, to wit:

"Brownsville, Texas. July 27, 1928.
"Mr. Frank L. Reynolds, Brownsville, Texas

"Dear Mr. Reynolds: Acting for J. S. Duncan, H. M. Wood, A. Wayne Wood, and myself, I hereby confirm the understanding we have reached with you, as follows:

"You are to go into the land business on your own account, under our direction, are to return to West Virginia and other points where we may suggest and are to offer lands owned by us or held by us for sale, on such prices and terms as are listed by us from time to time; these offerings, however, and terms, are subject to change, or sale, or withdrawal, as may be necessary or advisable in our judgment. You are to try to get prospects to come to the Valley and are to send your prospects exclusively to us.

"We are going to advance you expenses for your trip back to West Virginia and Pennsylvania, and $50.00 per week for expense money, unless otherwise arranged, from this time until May 1st, 1929, provided that you continue in this work in good faith, and in a satisfactory manner to us, as contemplated, and provided, that, further, as and when commissions are coming to you for any sales made, any and all sums advanced to you shall be deducted therefrom until the advances shall have been completely refunded to us, except that out of first sales, if small, by mutual agreement, we may retain a part as a credit against advances and pay you a part.

"It is well understood by you that in buying or otherwise acquiring lands to offer for sale, we are taking the chances on same, and are putting up considerable sums of money, and are entitled to an investment profit as well as a profit for our efforts in making and in helping make sales to prospects after they get here. In selling lands, we will price same so that you will receive, except as hereinafter provided, the following commissions: * * *

"By special arrangements it will be our purpose, where justified, to increase your weekly expense arrangements, if it may seem necessary and advisable, and also by special arrangements where it may seem necessary we will advance your expenses for a trip or trips to the Valley with prospects. We do not propose, however, to pay the expenses of any prospect on the basis such as is commonly known as colonization company activities, but we will use our efforts to entertain and assist

in the entertainment in every reasonable way, prospects while here, to forward our interests.

"You are not to propose the sale of these lands as our agent, but are to do so as acting for yourself, with the understanding that you are to sell exclusively our lands.

"You are to make no misrepresentations intentionally or otherwise regarding the Rio Grande Valley, and especially regarding our holdings, to any prospect or other person for that matter.

"This arrangement is to continue and be in force from this date until May 1, 1929, unless changed by mutual agreement, except that should you fail to work diligently on the matter under our instructions, and should no sales result after a reasonable time, we would have the right at any time upon fifteen days notice to discontinue advancing expenses. * * * *"

It was alleged in the stricken petition that appellant diligently proceeded in good faith to perform the obligations imposed upon him in said contract, and renewals thereof, until December 17, 1929, when appellees arbitrarily discharged him without prior notice, or cause; that at said time a balance of $1,100 was due appellant under the terms of the agreement, for which amount appellant sued. A copy of said contract, with appellant's acceptance thereunder, was attached to the stricken pleading.

We are of the opinion that appellant's petition stated a good cause of action, and that therefore the court erred in sustaining the general demurrer and dismissing the suit.

The contract embraced a plain agreement upon the part of appellees to pay appellant's expenses "back to Pennsylvania and West Virginia, and $50.00 per week expense money, unless otherwise arranged," until his services should be dispensed with after fifteen days' notice. Such agreement was plain, simple, and definite. It is true that it was further provided that the sums advanced appellant under this arrangement should be deducted from the commissions earned by him from future sales of appellees' land, "as and when" such commissions accrued, but there was no stipulation that any of said advances should ever be refunded by appellant in event of his failure to earn any commissions. It is conceded by all that no such commissions accrued, and therefore, under the plain intention of the parties as implied from the contract, appellant was entitled to receive and retain all the sums promised him in said contract. It seems clear under appellant's pleading that he rendered the services required of him in the contract and was entitled to receive the advances stipulated until the termination of the contract, in accordance with its provisions, and is entitled to recover the unpaid balance of those advances. Such is undoubtedly the justice of this case, supported by the authorities cited by appellant, as follows: 36 C. J. p. 153, par. 205; Newton, Weller & Wagner Co. v. Hocker (Tex. Civ. App.) 220 S. W. 233; Houston Ice & Brewing Co. v. Nicolini (Tex. Civ. App.) 96 S. W. 84; Lobsitz v. Leffler, Thiele & Co., 140 App. Div. 14, 124 N. Y. S. 533, affirmed 206 N. Y. 703, 99 N. E. 1110; Schnabel v. American Educational Alliance, 79 Misc. 624, 140 N. Y. S. 369; Schwerin v. Rosen, 45 Misc. 409, 90 N. Y. S. 407; Schlesinger v. Burland, 42 Misc. 206, 85 N. Y. S. 350; Kane v. Auto Laks Mfg. Co. (Sup.) 172 N. Y. S. 275; Zuby v. Height (Sup.) 188 N. Y. S. 88; Isaacsen v. Andrews, 64 App. Div. 408, 72 N. Y. S. 177; Weinberg v. Blum, 13 Daly (N. Y.) 399; Gannon v. Tyree, 148 Ill. App. 99.

The judgment is reversed, and the cause remanded.