## DENTON v. BERSET.

### No. 11829.

Court of Civil Appeals of Texas. San Antonio.

June 2, 1948.

Rehearing Denied June 23, 1948.

Kelley, Looney, McLean & Enochs, of Edinburg, for appellant.

E. A. McDaniel, of McAllen, for appellee.

MURRAY, Justice.

This suit was instituted by John B. Denton, d/b/a Denton Canning Company, against Harry O. Berset, seeking to recover a judgment in the sum of $274.96 for money had and received which it is alleged Berset agreed to repay. The trial was to the court and resulted in judgment that Denton take nothing, from which judgment he has prosecuted this appeal.

Appellee was employed to solicit fruit for appellant's canning company. He was to be paid a commission of forty cents per ton for all fruit coming to the canning company that did not come from old customers. It was agreed that appellee would need money to operate upon, and that such advances were to be deducted from commissions coming to appellee. Two advancements were made to appellee, $150.00 on September 22, 1945, and $150.00 on October 8, 1945. Appellant alleged a credit of $25.04, leaving a balance unpaid of $274.96.

The evidence does not show that appellee even agreed to pay back these advancements, other than out of his earned commissions. There might be an implied agreement to personally repay these advancements but the suit is upon an expressed agreement to repay. The contract must be proved as alleged. The suit being on an expressed contract there can be no recovery upon an implied contract. 10 Tex.Jur. p. 518, § 302.

Furthermore the cases seem to hold that there is no implied promise to repay expense money advanced to a salesman or solicitor other than out of earned commissions, in the absence of an expressed agreement to that effect. Reynolds v. Wood, Tex.Civ.App., 65 S.W.2d 1114; Newton, Weller & Wagner Co. v. Hocker, Tex.Civ.App., 220 S.W. 233.

Appellant relies strongly upon the case of Martinez v. Cathey, Tex.Civ.App., 215 S.W. 370. In that case no question seems to be raised as to a variance between the pleading of an expressed contract and the

proving of an implied contract. If appellant had pleaded an implied contract to repay personally in the event the commissions were insufficient to cover the advancements, then that case would be in point, but it is not in point where the suit is upon an expressed contract.

The judgment is affirmed.