## HILL et al. v. ALDRICH.

### No. 12302.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 5, 1951.

Rehearing Denied Oct. 3, 1951.

Royce A. Oxford, Milton J. Baird, Edinburg, for appellant.

Felix L. McDonald, Edinburg, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Mrs. W. H. Hill, joined by her husband, W. H. Hill, against Oliver C. Aldrich, Esq., independent executor of the estate of Clarence Shaw, deceased, alleging that she was an heir of Mrs. Clarence Shaw, who died in March, 1941; that she and the other heirs in-

herited the property of Mrs. Shaw and partitioned the same by deed agreed to by and between the heirs; that in the partition she received Lot 3, Block 45, in the town of San Juan, Hidalgo County, Texas, subject to the homestead right of Clarence Shaw, now deceased; that on or about May 1, 1941, she and Clarence Shaw entered into an agreement whereby Shaw agreed that if she would let him occupy the house and premises located on said Lot 3, Block 45, during his life without paying rent that he would leave all of his property of which he died seized and possessed to her, and that if mistaken in this, then that Shaw did agree with her that in consideration of the use of the premises he would leave her a sufficient amount of his estate to pay her well for the use and rent of said house and premises and that Shaw did occupy said premises during the remainder of his life, but did not leave her anything in his will or pay her anything for the use of the premises, and that the value of the use of the premises during this time was the sum of $3,500.

The trial began to a jury, but when plaintiff had offered her evidence and rested defendant made a motion for judgment, which was sustained by the trial court, from which judgment Mrs. Hill, joined by her husband, has prosecuted this appeal.

The alleged oral agreement on the part of Clarence Shaw to devise to Mrs. Hill all or a part of his estate in consideration of her allowing him to occupy the premises known as Lot 3, Block 45, San Juan, was void and unenforcible as being in contravention of the Statute of Frauds, Art. 3995, § 4, Vernon's Ann.Civ.Stats.; Stevens' Executors v. Lee, 70 Tex. 279, 8 S.W. 40; Scott v. Walker, 141 Tex. 181, 170 S.W.2d 718.

The contract being unenforcible, a suit for damages for the breach thereof would likewise be barred by the same statute. Sonnenberg v. Ernst, Tex.Civ.App., 233 S.W. 564; Moore v. Rice, Tex.Civ.App., 110 S.W.2d 973; Brown v. Womack, Tex. Civ.App., 18 S.W.2d 685.

Appellant now contends that her suit is one upon an implied contract or quantum meruit, and that she should be permitted to recover a sum of money equal to the reasonable rental value of the property. If she had plead such cause of action she would have been entitled to have been heard thereon, but she did not plead such a cause of action. A reading of her petition plainly shows that she was suing on an expressed contract and not upon an implied contract to pay her rent. Dyess v. Rowe, Tex.Civ.App., 177 S.W. 1001; Denton v. Berset, Tex.Civ.App., 212 S.W.2d 196.

Where an expressed contract only is plead a recovery cannot be had upon an implied contract or quantum meruit. 10 Tex.Jur. p. 467, § 271, p. 519, § 302; Denton v. Berset, supra; Dyess v. Rowe, supra; Henderson v. Davis, Tex.Civ.App., 191 S.W. 358.

There is another reason why appellant cannot recover herein. It is admitted that the house and lot involved was the homestead of Clarence Shaw and that he had a legal right to occupy it, without paying rent to any one so long as he might live and desire to occupy it as his homestead. When Mrs. Hill agreed to let Clarence Shaw occupy these premises without paying rent, she was agreeing to let him do that which he already had a legal right to do under the Constitution of this State. Art. 16, § 52, Vernon's Ann.St. A contract to make a will must be supported by a consideration, Dyess v. Rowe, 177 S.W. 1001. Mrs. Hill now contends that the consideration for the contract was the detriment suffered by her in accepting as her part of her mother's estate the house and lot which was the homestead of Clarence Shaw. This again is not the consideration pleaded by Mrs. Hill.

We do not deem it necessary to pass upon the question of the sufficiency of the evidence to establish a contract between Mrs. Hill and Clarence Shaw as alleged, because even if the contract was made, it cannot be enforced for the reasons above stated.

The trial court properly granted appellee's motion for judgment and accordingly the judgment appealed from is affirmed.