**Mike HAYS, d/b/a Marco Construction Company, Appellant,**

**v.**

**W. Lois STARLING, et al., Appellees.**

**No. 18427.**

Court of Civil Appeals of Texas, Fort Worth.

June 18, 1981.

Robert J. Wilson, Burleson, for appellant.

J. Steven King, Fort Worth, for appellees.

OPINION

SPURLOCK, Justice.

This is a suit on a contract brought by Mike Hays, d/b/a Marco Construction Company, against W. Lois Starling and Pioneer National Title Insurance Company. Plaintiff alleges that Starling (defendant) contracted with plaintiff to make improvements on some real property. The house was later sold and Pioneer National Title Insurance Company is holding the funds in its possession as stakeholder to pay to whomever is entitled to same.

From a take nothing judgment plaintiff appeals.

We affirm.

The trial court filed seven findings of fact. The defendant challenges only three of these.

Plaintiff contends that it made a contract with defendant to do remodeling work for the agreed price of $750.00.

In summary form the trial court found that plaintiff did not perform any work or provide any materials at the request of the defendant; did not furnish labor and materials to the defendant; and that plaintiff had not supplied materials and labor in the amount of $750.00.

These findings are challenged on the grounds that they are not supported by either factually or legally sufficient evidence. The record shows that during the times here involved defendant was not the owner of the premises, but the dwelling was owned by her brother, Douglas Meek. After expiration of the period here involved he died. Plaintiff filed a lien affidavit dated November 29, 1977, claiming he had contracted with Douglas Meek for the labor and materials here involved in the amount of $750.00.

There is further evidence to the effect that plaintiff never did any work on the premises except put some tape in one room and replace some wood on the outside of the house, which had to be redone.

The court made further findings of fact which are unchallenged that defendant was not the owner of the premises at any time during which plaintiff claims he furnished material and labor; and further found that defendant had never promised to pay plaintiff anything.

Plaintiff did not allege any cause of action seeking relief on the theory of quantum meruit. Such theory was not raised in the trial court, but is raised for the first time here on appeal.

Where an express contract only is pleaded, recovery cannot be had on an implied contract or quantum meruit. *Hill v. Aldrich*, 242 S.W.2d 465 (Tex.Civ.App.—San Antonio 1951, writ dism'd).

We hold that since plaintiff did not allege a cause of action on the theory of quantum meruit, he cannot recover on that theory on appeal. This point is overruled.

The unchallenged findings of fact will support the judgment. Any unchallenged findings of fact which will support

the judgment will preclude the reversal of a case. See Michol O'Connor, *Appealing a Nonjury Case*, The Houston Lawyer p. 31, February-March, 1975.

Each of the points of error is overruled.

Affirmed.