## W. J. WALKER v. H. L. TOMLINSON.

### Decided December 12, 1906.

**1.—Note—Non Est Factum.**

Where there was no plea of non est factum to a suit on a promissory note, it was error to submit to the jury the question whether defendant executed the note.

**2.—Contract—Consideration.**

To an action for money due by contract, the defense that the amount due had been reduced by a subsequent parol agreement required that a consideration for such reduction be alleged and proved.

**3.—Failure of Consideration—Verification of Plea.**

The defense to a promissory note that it was given for more than the amount defendant owed plaintiff must be presented by sworn plea.

**4.—Attorney's Fees—Note.**

A provision in a note for recovery of ten percent of amount due, as attorney's fees in case of suit, allowed such recovery on the amount due at the institution of the suit, and it was not avoided or reduced by subsequent payments by defendant before trial.

Appeal from the County Court of Falls County. Tried below before Hon. D. H. Boyles.

*J. W. Spivey,* for appellant.—Any agreement whereby plaintiff undertook to do other and additional things, or to reduce rent, in order to have his contracts carried out by defendant, was without consideration to plaintiff, and not binding on him. Lanes v. Squyres, 45 Texas, 385; Jones v. Risley, 91 Texas, 7; Helms v. Crane, 23 S. W. Rep., 392; Bradshaw v. Davis, 12 Texas, 346.

A charge to find for the defendant as to attorney's fee if the jury believed that defendant "has" settled plaintiff's claims, was erroneous and misleading. Kildow v. Irick, 33 S. W. Rep., 315; Fore v. Hitson, 70 Texas, 521; Andrews v. Marshall, 26 Texas, 213, 215; Gulf, C. & S. F. Ry. Co. v. Nelson, 24 S. W. Rep., 589-90; Missouri Pac. Ry. Co. v. Christman, 65 Texas, 375; Frank v. Tatum, 26 S. W. Rep., 900.

The execution of the note, and mortgage sued on not having been denied under oath, it was the duty of the court to charge their legal effect. Denham v. Trinity County Lumber Co., 73 Texas, 82; Galveston, H. & S. A. Ry. v. Thompson, 44 S. W. Rep., 8; Western U. Tel. Co. v. Burgess, 60 S. W. 1024; Wood v. Gulf, C. & S. F. Ry., 40 S. W. Rep., 26.

*Nat. Lewellyn,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellant brought this suit against appellee to recover $265, with interest and attorney's fees, alleged to be due upon a promissory note, and sought to foreclose a mortgage lien on certain personal property, which lien was given to secure the note. The plaintiff also sued for $42.50 as rent alleged to be due upon 17 acres of land, and for $30, denominated rent for the use of a pair of mules.

The defendant answered by a general denial and attempted to plead a subsequent contract by which he was released from paying rent for the mules, and the amount of the rent for the land was reduced. He also pleaded that he had made certain payments, which discharged all of his liability to the plaintiff. There was a jury trial which resulted in favor of the defendant, and the plaintiff has brought the case to this court.

Appellant has assigned several errors which require a reversal of the case. In the first place, although there was no plea of *non est factum,* and the plaintiff produced and read in evidence the note and mortgage sued on, the court in its charge submitted as a question for the jury to decide whether or not the defendant executed the note and mortgage. It is not claimed that there was any ambiguity about the note and mortgage, and therefore the court should have construed them and informed the jury of their legal effect, and not submitted the question of their execution to the jury. There being no plea of *non est factum,* that question was not in the case.

We also sustain appellant's contention, presented under several assignments of error, that as the defendant failed to plead and prove any consideration for the subsequent verbal contract, the court should not have submitted anything to the jury upon that subject. The answer did not allege that the agreement referred to was based upon a sufficient consideration, and the proof offered in support of it failed to show that the defendant paid to the plaintiff any consideration, or obligated himself to do anything other than what he was already required to do.

We also hold that appellant is correct in the proposition that in order

to show failure of consideration as to the note sued on, it was necessary to file a sworn plea impeaching its consideration. This was not done, and yet the defendant was permitted, over the objection of the plaintiff, to introduce testimony tending to show that the note was given for more than he owed the plaintiff. This testimony was not admissible for that purpose; and as the defendant failed to plead and prove a consideration for the alleged subsequent contract and settlement, it was not admissible for any purpose and should have been excluded.

The defendant submitted testimony tending to show payments made after the suit was brought. The court in its charge, after instructing the jury that the plaintiff would be entitled to recover 10 percent of the amount due on the note at the institution of the suit as attorney's fee, stated this qualification: "But if you believe from the evidence that the defendant has paid or settled the claims of plaintiff, you will find for the defendant." The note stipulated that if it was placed in the hands of an attorney for collection after maturity, or suit was brought on the same, an additional ten percent should be added as a collection fee. According to the plain import of that stipulation the ten percent collection fee was recoverable upon the amount due at the time the suit was brought, and subsequent payments reducing the amount of the original debt did not affect the plaintiff's right to recover the full amount of collection fee, and the court erred in giving the charge above quoted.

On the other questions of law we rule against appellant; but on account of the errors referred to, the judgment is reversed and the cause remanded.

*Reversed and remanded.*