BOERGER v. VANDEGRIFT. (No. 5699.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 11, 1916.)

1. APPEAL AND ERROR ☾994(3)—REVIEW—FINDINGS.

Where a case was tried to the court without a jury, findings based on the credibility of witnesses are conclusive on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3904–3905½; Dec. Dig. ☾994(3).]

2. CONTRACTS ☾75(2)—CONSIDERATION—VALIDITY.

A subsequent agreement by a creditor to accept less than the amount of his debt must be supported by a consideration to be valid; therefore an agreement by a lessor to accept a sum less than the face of rent notes in consideration of the lessee's surrendering possession at a fixed time is unenforceable, where, by the terms of the lease, the lessee was bound to surrender possession at that time.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 280–285; Dec. Dig. ☾75(2).]

3. APPEAL AND ERROR ☾690(1)—REVIEW — RECORD.

In disposing of an assignment of error complaining of the admission of testimony, the ap-

pellate court is confined to the testimony as stated in the bill of exceptions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2897, 2904; Dec. Dig. ☾690(1).]

4. APPEAL AND ERROR ☾1051(1)—REVIEW—HARMLESS ERROR.

The admission of testimony as to statements made by the defendant's agent to plaintiff's counsel was harmless, where the testimony correctly stated defendant's contentions, and related to the terms of written instruments which were before the court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161, 4162, 4165, 4166; Dec. Dig. ☾1051(1).]

5. NEW TRIAL ☾108(3)—NEWLY DISCOVERED EVIDENCE—RIGHT TO.

A new trial will not be granted on the ground of newly discovered evidence tending to establish an agreement which was unenforceable because of want of a good consideration.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 226; Dec. Dig. ☾108(3).]

Appeal from Wharton County Court; W. G. Davis, Judge.

Action by Samuel Vandegrift against George A. Boerger. From judgment for plaintiff, defendant appeals. Affirmed.

Hall & Barclay, of Wharton, for appellant.

MOURSUND, J. Appellee sued appellant upon a promissory note for $500, and appellant pleaded that said note had been given by him to appellee, together with another note for the same amount, in payment for the lease of 160 acres of land, which lease entitled him to retain possession until December 31, 1914; that after the execution of said notes appellee agreed with appellant to reduce each of such notes to the extent of $100, in consideration of the agreement by appellant to give possession of the leased premises to appellee on December 1, 1914, instead of December 31, 1914; that he had complied with his agreement by delivering possession prior to December 1, 1914, and had tendered to appellee $400 in payment of the amount due on the note sued on according to such agreement, but appellee declined to accept such amount.

Appellee denied that he ever made such agreement as was alleged by appellant; denied that appellant was entitled to retain possession of the leased premises until December 31, 1914, and alleged that under the lease contract he was entitled to possession on December 1, 1914; alleged that some time after the maturity of the first note appellant falsely represented to him that another landlord in the neighborhood, named Woodfin, had reduced the rent to be paid by his tenants on account of the wet season and poor crops, and appellee agreed that, if said Woodfin reduced the rent, he would do likewise, and would reduce the first note to $400, and if appellant would pay the other note promptly on November 1, 1914, the date of its ma-

turity, he would reduce the same to the extent of $100; that in fact Woodfin did not reduce rents, and appellant did not pay the second note when due.

Upon a trial without a jury judgment was rendered in favor of appellee for the full amount sued for.

[1, 2] Appellant contends that the judgment is not supported by the evidence. The evidence was conflicting, each of the litigants testifying in accordance with the allegations of his pleading, and each was supported by other testimony tending to sustain his contention. The court passed upon the credibility of the witnesses, decided against appellant, and such finding is binding upon us. In addition, it appears that appellant, in order to escape liability upon his promissory note for $500, pleaded that a new contract had been entered into, under the terms of which he was to pay only $400 in satisfaction of the note due November 1, 1914. The only consideration pleaded was that he agreed to deliver possession of the leased premises on December 1, instead of December 31, 1914, which last-mentioned date he alleged was the one fixed by the lease contract for the surrender of possession. He did not allege that any mistake had been made by the scrivener in reducing the lease contract to writing, nor even that the contract was ambiguous. The lease contract introduced in evidence provides for the delivery of possession on December 1, 1914. It therefore appears that the only consideration pleaded by appellant for the subsequent agreement was the promise by him to do something which he was already bound by his written contract to do. Therefore he failed to prove any consideration for the alleged agreement to reduce the note to the extent of $100. That such a subsequent agreement must be based upon a valid consideration is well settled by the decisions of our courts. Whitsett v. Carney, 124 S. W. 445; Walker v. Tomlinson, 44 Tex. Civ. App. 446, 98 S. W. 906; Terrell, Atkins & Harvin v. Proctor, 172 S. W. 996. The first assignment is overruled.

[3, 4] By the second assignment complaint is made of the admission of the testimony of J. H. H. Dennis, attorney for appellee, with respect to a conversation between B. R. Taylor and himself concerning the note and lease contract. It appears that Taylor had written the note and lease contract; that appellant had deposited $400 with him in his capacity as banker, to be paid appellee upon delivery of the note, this being done after appellee had declined to accept the $400 tendered him 18 days after the maturity of the note; that Taylor called on Dennis and told him that appellant contended the note was not due until December 1, 1914, and the lease was not to be surrendered until December 31, 1914, and had asked him to look at such instruments; that Dennis permitted Taylor to examine the papers; that he called ed Taylor's attention to the fact that the note and lease contract were as claimed by appellee, and not as appellant said they were; and that he told Taylor he had drawn a good contract. The foregoing is the testimony of Dennis as disclosed by the bill of exceptions. The assignment of error contains the statement that Dennis testified Taylor was the agent of appellant, and also that Dennis testified he and Taylor "laughed and joked about the date of the maturity of the note and the compromise of said rental contract." We must confine ourselves to the consideration of the testimony stated in the bill of exceptions. Such testimony was objected to on the ground that the statements by Dennis and Taylor were made in the absence of appellant. and not acquiesced in by him, and because the testimony tended to convey to the court the impression that appellee was correct in the interpretation of the contract as to the date of its expiration, and that appellant was in error as to the terms thereof. The statement by Taylor that appellant contended the note was not due until December 1st, and that possession under the lease was not to be surrendered until December 31st, could not have injured appellant, for his testimony is in accordance with these contentions. The court had the note and contract before him, and could not have been misled in the construction thereof by what Dennis told Taylor or by the fact that Taylor failed to dispute the construction placed upon the instruments by Dennis. The assignment is overruled.

[5] By the last assignment appellant complains of the failure to grant a new trial on account of newly discovered evidence. The witness whose testimony is desired would have testified that he heard appellant and appellee make a subsequent agreement in substance as pleaded by appellant. As before pointed out, there being no consideration shown for such agreement, it is immaterial whether or not it existed. The assignment is overruled.

Judgment affirmed.