## RIEGER v. SMITH et al.   (No. 395.)

Court of Civil Appeals of Texas. Eastland. Jan. 27, 1928.

Rehearing Denied Feb. 24, 1928.

1. Contracts ⊜⟿349(2)—Subsequent written contract held admissible as evidence of terms of oral contract theretofore made.

In suit on oral contract, subsequent written contract held admissible as evidence of terms of oral contract theretofore made, in that writing though not the contract constituted evidence thereof.

2. Appeal and error ⊜⟿1010(2)—Appellate court must disturb findings of fact of trial court having no support in record.

Court of Civil Appeals, though reluctant to disturb findings of trial judge on issues of fact, must nevertheless disturb those findings when they have no proper support in record.

3. Appeal and error ⊜⟿731(5)—Assignments to sufficiency of evidence, merely complaining judgment was not supported thereby, held too general.

Assignments raising the question of sufficiency of evidence to support judgment, which merely complained that judgment was not supported by evidence, held too general.

4. Attorney and client ⊜⟿167(4)—Trial court, construing oral contract for attorney's fees as dependent on proceeds of mortgage sale, improperly denied recovery without finding insufficiency of proceeds.

In suit on oral contract for payment of attorney's fees, trial court, in construing contract to effect that payment was dependent on sufficiency of proceeds of sale of mortgaged property, improperly denied a recovery without finding that proceeds of sale were insufficient to pay such amount.

Appeal from Eastland County Court, at Law; Tom J. Cunningham, Judge.

Suit by J. M. Rieger against S. W. Smith and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Grisham Bros., of Eastland, and J. M. Rieger, of Breckenridge, for appellant.

S. W. Smith, of Desdemona, and J. Frank Sparks, of Eastland, for appellees.

HICKMAN, J. The facts upon which this suit is based are somewhat complicated, but for the purpose of this opinion an abridged statement thereof will suffice. At the time of the making of the contract sued upon, appellant was an attorney at law residing at Desdemona. The appellees S. W. Smith and W. S. Birge were attorneys at law, practicing under the firm name of Smith & Birge at Desdemona. Appellant represented certain oil operators who were operating a small tract of land in Desdemona. Appellees Smith & Birge represented the owners of the land upon which operations were being conducted, and also represented a lumber company to whom appellant's clients were indebted. There were various suits filed and contemplated by different creditors against appellant's clients. One of these suits had been reduced to judgment, and the property of appellant's clients situated upon the leased premises had been advertised for sale by the sheriff of Eastland county on the first Tuesday in January, 1924. It was desired by the parties to this suit to realize the most possible out of the property of appellant's clients, which had been advertised for sale. To give effect to these desires, an oral contract was entered into by and between the appellant, as a representative of his clients, and the appellee Birge, as a representative of the clients of Smith & Birge, which contract was approved by appellant's clients, and by the terms of which appellees Smith & Birge were to purchase or procure some other person to pur-

chase the property at the sheriff's sale, and, from the money realized therefor, either by operating the gas wells thereon, or from a sale of the property, discharge the obligations of appellant's clients to various creditors. As a part of the agreement, appellant was not to resist the suits filed by appellees Smith & Birge against his clients, but should suffer judgments to be rendered thereon without contest, on condition that such judgments should be discharged by the proceeds realized from the property. The appellee Emde became a party to the transaction by bidding in and paying for the property at the sheriff's sale.

This suit was filed by appellant against all of the appellees, alleging that by the terms of his contract with the appellee Birge, which was binding upon appellees Smith & Birge, and which had been adopted by the appellee Emde, he (the appellant) was to have been paid the sum of $1,000 as the consideration for his entering into the contract above described; that $500 of this sum had been paid to him, but a balance of $500 remained unpaid. Suit was for that balance.

The case was tried without the assistance of a jury, and resulted in a judgment that appellant take nothing. Findings of fact and conclusions of law are contained in the record. Appellees have filed no brief. The case therefore comes to us for consideration on the brief of appellant only.

[1] Upon the trial of the case the appellees offered in evidence, over the objection of appellant, a written contract signed by appellant and appellees Smith & Birge, dated December 21, 1923, which purported to cover the terms of the agreement as between them with reference to these transactions. The undisputed facts disclose that this instrument was executed after the oral contract had been agreed upon and after the sale of the property by the sheriff to appellee Emde, and that no new consideration passed between the parties for the execution of this writing. It is urged by appellant that it was error for the trial court to admit this written contract over his objections thereto. We cannot sustain this contention. While it is undoubtedly true, as contended by appellant, that there was no consideration for the execution of this written contract, and it would not, therefore, support a judgment against appellant based upon any provision thereof contradicting their prior oral contract, yet that consideration does not preclude the introduction of the instrument in evidence. It was an issue of fact before the trial court as to what were the real terms of the oral agreement made between the appellant and appellee Birge. On that issue any statement, oral or written, made by the parties at any time after making the oral contract, would be admissible as evidence of the terms of the oral contract theretofore made between them. The writing was not the contract, but merely evidence of the contract, and as such we think clearly admissible.

[2] The trial court accepted this written contract as a correct statement of the terms of the agreement between the parties, and, construing the testimony in the light of this contract, held that appellant was entitled to no relief. Reluctant as we are to disturb the findings of the trial judge on issues of fact, it nevertheless becomes our duty to disturb those findings when, to our minds, they have no proper support in the record. This written contract provided, among other things, in substance, that the proceeds of sale of the property mentioned above should be disbursed as follows: First, Russell debt to be paid off; second, $500 to be paid to Smith & Birge; third, $408 to Harris-Clay Lumber Company; fourth, $500 to J. M. Rieger, appellant herein; fifth, the remainder to be disbursed by appellees Smith & Birge as they might desire. The item of $500 to be paid to appellant is the item in controversy in this suit.

[3, 4] The sufficiency of the evidence to support the judgment is attacked, but the assignments raising the question are too general, merely complaining that the judgment is not supported by the evidence. There is one error of the trial court which is before us for consideration and which necessitates a reversal of this cause. In our opinion the learned trial judge incorrectly construed the writing which he found to embody the terms of the contract between the parties, and we cannot say that a proper construction of the contract would not have necessitated a different judgment. In his findings of fact the contract is construed as providing that the entire $1,000 which was to have been paid by appellees to appellant was to be taken from the proceeds of the sale of the property by the sheriff. As we construe this written instrument, the first $500 to be paid appellant, as provided therein, was not at all dependent upon proceeds of this sale, but was a cash payment, and only the second $500 payment was to come from such proceeds. Even if the court was correct in holding that the writing embodied the terms of the contract, it is not found by the court that the proceeds of the sale were insufficient to pay $500 to appellant.

The judgment of the trial court will be reversed and the cause remanded.