JARRELL et al. v. MORTGAGE BOND
CO. OF NEW YORK.

No. 13822.

Court of Civil Appeals of Texas.
Fort Worth.

April 28, 1939.

Rehearing Denied June 2, 1939.

Fred H. Minor and Davis & Davis, all of Denton, for appellants.

Robert Sansom, Todd, Crowley & Thompson, Robert Newton, Jr., Warren C. Logan, Jr., and Mack & Mack, all of Fort Worth, for appellee.

DUNKLIN, Chief Justice.

Davis Jarrell and her husband, G. J. Jarrell, have prosecuted this appeal from a judgment rendered against G. J. Jarrell in favor of the Mortgage Bond Company, for debt in the sum of $12,929.94, and against him and his wife, Davis Jarrell, for foreclosure of a deed of trust lien against certain real estate situated in Fort Worth, Texas, to satisfy said debt.

By special plea, defendants alleged that the property in controversy was their homestead at the time the deed of trust was executed and attacked as untrue the certificate of acknowledgment to the deed of trust, reciting that Mrs. Davis Jarrell, well known to the notary, appeared before him and after being examined by him, privily and apart from her husband, G. J. Jarrell, and after having said instrument fully explained to her by the notary, ac-

knowledged she had executed that instrument for the purposes and consideration therein expressed, and did not wish to retract it. The finding of the jury, in answer to special issue, was adverse to that plea, and it has not been challenged as being without support in the evidence.

That was the only issue submitted to the jury, and none other was requested by either party to the suit.

Plaintiff's petition begins as follows: "Plaintiff is a corporation duly incorporated as such under the laws of the State of New York, is domiciled in the City of New York, and is engaged in the business, among other things, of lending money on real estate mortgages; and having a permit to do business in the State of Texas."

Then follow allegations of the execution to plaintiff by the defendants of the deed of trust on the property in controversy in Fort Worth, to take up and extend outstanding liens, payment of same by plaintiff, as agreed, and other details, all of which occurred in the City of Fort Worth.

On the trial the plaintiff did not offer any proof of the permit alleged in its petition to do business in Texas. Nor did the defendants file any plea alleging that plaintiff was doing business without such a permit and seek to abate the suit by reason of such failure, or offer any proof on that issue.

It is insisted that it inferentially appears from the facts alleged in the petition that the transaction made the basis of plaintiff's suit was intra-state, and the trial court was authorized to so conclude without any other proof of that fact on the trial of the case, and therefore the trial court erred in not abating the suit, instead of rendering judgment on the merits. In support of that contention, appellants cite 11 Tex.Jur., par. 504, p. 182; par. 505, p. 183, and par. 506, p. 185. Also Art. 1529, Rev.Civ.St., requiring a corporation organized under the laws of any other state to get a permit from the Secretary of State to transact business in Texas; and Art. 1536, Vernon's Ann.Civ.St. art. 1536, prohibiting such corporation from transacting business in Texas without such a permit. Appellants also cite several decisions to the effect that in a suit by a foreign corporation, based on an intra-state transaction, the burden is on the plaintiff to show such a permit, and in the absence of such showing, the suit will be abated, irrespective of whether or not defendant is liable to the plaintiff on the merits, because the statute requiring such a permit was enacted for the purpose of raising revenue for the State. Among the decisions so cited are Federal Crude Oil Co. v. Yount-Lee Oil Co., 122 Tex. 21, 52 S.W.2d 56; Real Estate Land Title & Trust Co. v. Dildy, Tex.Civ.App., 92 S.W. 2d 318; Jenkins v. Pure Oil Co., Tex.Civ. App., 53 S.W.2d 497.

Since the plaintiff does not expressly allege that the making of the loan was an intra-state transaction, the assignment is overruled upon the express holding of this court, in Barton v. Kansas City Life Ins. Co., 98 S.W.2d 836, following the opinion of the Commission of Appeals in Oklahoma Tool & Supply Co. v. Daniels, 290 S.W. 727; also Cosey v. Supreme Camp of Modern Woodmen, Tex.Civ. App., 103 S.W.2d 1076; Gholson v. Wickwire Spencer Sales Corp., Tex.Civ.App., 66 S.W.2d 814; Huff v. Kinloch Paint Co., Tex.Civ.App., 110 S.W. 467, writ refused.

By another special plea, defendants alleged that on or about February, 1933, real estate values in Fort Worth had depreciated to the extent of fifty per cent, as the result of widespread depression of conditions generally, by reason of which R. J. Newton, the duly authorized representative of plaintiff, entered into an agreement with defendants for the latter to turn over to plaintiff possession of three of the apartment houses on the lots covered by the mortgage, given by defendants to secure payment of the note in suit, with authority to plaintiff to collect the rents accruing from those apartments, then amounting to $102.50 per month, and apply the same, together with the sum of $606, belonging to defendant, Mrs. Davis Jarrell, in her own separate right, and then in the hands of Newton, as trustee, as credits on defendants' said note; with the further understanding and agreement between the parties that said arrangement should continue in force until the note was fully liquidated by the credits to be so given. That Newton made said agreement because of his belief that a foreclosure sale of the property, under the deed of trust, would not net plaintiff more than fifty per cent of the note in suit. It was alleged that in compliance with said agreement, defendants turned over the three apartments to plaintiff, together with said $606, and thereafter plaintiff col-

lected rents therefrom in amounts unknown to defendants, and knowledge of which plaintiff had refused to disclose when requested by defendants; and that having accepted the benefits of said agreement, plaintiff is estopped from now denying its binding effect.

That pleading was excepted to as being in violation of Sect. 5, Art. 3995, because the new contract so pleaded was not to be performed within the space of one year from the making thereof, and also was not in writing and signed by the plaintiff, or by its authority. The judgment rendered recites that before the beginning of the trial of the case on the merits, that special exception was by the court sustained and error has been assigned to that ruling.

■ It does not appear from the face of the pleading so stricken whether the agreement pleaded was oral or in writing, and therefore the court erred in assuming that, if made, it was in parol, and for that reason forbidden by the Statute of Frauds. Day v. Dalziel, Tex.Civ.App., 32 S.W. 377; Fahey v. Benedetti, Tex.Civ.App., 161 S.W. 896; Robb v. San Antonio Street Ry. Co., 82 Tex. 392, 18 S.W. 707; Sonnenberg v. Ernst, Tex.Civ.App., 233 S.W. 564; King v. Murray, Tex.Civ.App., 135 S.W. 255; Booher v. Anderson, Tex.Civ. App., 86 S.W. 956.

■ But whether that agreement was oral or in writing, in order to be enforced, it was incumbent upon defendants to show that it was supported by a new and independent consideration.

The agreement alleged in defendant's special plea does not purport to be a novation of the note and lien sued on. 31 Tex. Jur. 394 to 399, inclusive. It purports to be a modification only of the terms of the note sued on, with respect to the manner and dates of payments. And the method of payments and dates to be made were conditioned upon the collection of rents in an amount which, in addition to the $606 already paid, would be sufficient to discharge the entire indebtedness, already owing.

It did not purport to be an agreement for a liquidation of the defendants' debt then owing, out of rents from the property, regardless of whether or not the improvements might be destroyed by fire, or whether or not, if not destroyed, plaintiff should be able to realize enough from that source to satisfy the note in full, after crediting the $606, and however long the time might be required to accomplish that result.

■ The mere possible chance to collect enough rents to satisfy the debt already owing by defendants after crediting thereon the $606 was not a sufficient consideration, even though such an arrangement might have proven to be more advantageous to plaintiff, in some respects, and especially so since the undisputed proof introduced on the trial of the case showed that the consideration for the modification of the note sued on had failed, in that the principal of the note had matured, that the two last instalments had not been paid and that after all credits were allowed defendants owed the amount for which judgment was rendered. Bonzer v. Garrett, Tex.Civ.App., 162 S.W. 934, writ of error refused; Walker v. Tomlinson, 44 Tex.Civ.App. 446, 98 S.W. 906; Stone v. Morrison & Powers, Tex.ComApp., 298 S.W. 538; Barreda v. Craig, Thompson & Jeffries, Tex.Com.App., 222 S.W. 177; 10 Tex.Jur., sect. 205, p. 360, and other authorities there cited.

■ Defendants' pleading in question could not be construed otherwise than a plea in abatement and it is so construed in their briefs here. And in view of our foregoing conclusions, with respect to the agreement upon which it was based, the assignments of error to the ruling of the trial court that the same came within the inhibition of the statute of frauds are overruled, irrespective of the merits of the arguments advanced to show that the agreement was not affected by the statute of frauds, even if it was not in writing.

■ By another assignment, defendants complain of the refusal of the trial court to require plaintiff to itemize the rents collected on the property after it was turned over to it by defendants; that ruling being requested by special exception to plaintiff's petition. In the absence of any showing made in the trial court when the case was tried, of surprise by the evidence offered on that point followed by a motion to continue the case in order to procure evidence of further credits and failure to urge that ruling in their motion for new trial, this assignment is overruled.

For the reasons noted, the judgment is affirmed.