**A. E. WIEDEMAN, Appellant,**

**v.**

**F. W. HOWELL et al., Appellees.**

**No. 10295.**

Court of Civil Appeals of Texas.

Austin.

March 2, 1955.

Rehearing Denied March 23, 1955.

Lee Curtis, Belton, Dan Moody, Dan Moody, Jr., Austin, for appellant.

Cox, Brown & Daniel, Temple, for appellee.

ARCHER, Chief Justice.

This suit was brought by F. W. Howell, C. H. Cox, Jr., and James C. Moore, hereinafter called appellees, against A. E. Wiedeman, hereinafter called appellant,

seeking an injunction prohibiting appellant from practicing medicine within ten miles of the City of Temple, Bell County, Texas, until May 31, 1960. Appellant had formerly been in partnership with two of the appellees, Howell and Cox, in the practice of medicine in Temple under the name of Temple Medical Clinic, and the three men, together with their wives, were the sole stockholders of a corporation which owned the land and building in which said Temple Medical Clinic was located. On or about May 31, 1950, the partnership was terminated and appellant and his wife sold all of their stock in the aforesaid corporation to Howell and Cox and their wives. Moore, the third appellee, has since become a partner with Howell and Cox in the practice of medicine in Temple, and, with his wife, has purchased one third of the stock of the aforesaid corporation. It is alleged by appellees that at the time appellant severed his connections with the partnership and sold his stock, he covenanted and agreed not to practice medicine "within an area of ten (10) miles from Temple, Bell County, Texas, for a period of ten years" from May 31, 1950. It is admitted that appellant is now engaged in the practice of medicine in Temple, but appellant contends that the promise or covenant alleged by appellees is unenforcible and of no effect because there was no consideration for such promise.

All parties agreed to a trial on the merits without a preliminary hearing for temporary injunction. The case was tried before a jury, and, after the evidence for both sides had been presented, the judge, on motion of appellees, instructed the jury to return a verdict for appellees entitling them to a permanent injunction prohibiting appellant from engaging in the practice of medicine "within an area of ten (10) miles from Temple,' Bell County, Texas, for a period of ten years from May 31, 1950. Judgment was entered granting such an injunction.

The appeal is before this Court on the following point:

"The trial court erred in instructing the jury to return a verdict in favor of appellees, and in entering a judgment for appellees thereon."

Appellant and appellees, F. W. Howell and C. H. Cox, Jr. were partners, engaged in the general practice of medicine in Temple, Texas and surrounding vicinity under the trade name of Temple Medical Clinic, and were, together with their respective wives, the sole stockholders of the C. H. & W. Company, Inc., a private corporation organized under the laws of the State of Texas, owned the land and buildings used by the partnership as its principal place of business.

The partners operated their medical practice under a written agreement, and the stockholders in the corporation entered into a stock option contract.

The agreement provided for the duration of the partnership, with provision for termination and for an equal division of the net profits, etc. There were other provisions in the agreement not here in dispute.

The agreement provided that any partner should have the right to withdraw by giving notice, and that the remaining partners, either or both, should have the right to purchase the interest of the dissatisfied partner, on a basis therein set out, and further providing that no good will should be recognized as a portion of the assets.

Under an agreement all of the stock was placed with an escrow agent to be held until a dissolution of the partnership, with provision that on the withdrawal of one of the partners, that the other partners should have the right to acquire all of the capital stock of the retiring partner, together with the stock of the respective wife, by giving notice of the exercise of such option on the basis of the book value of such stock by making such payment in cash.

There is no question raised as to the withdrawal of appellant and of the exercise by the appellees of the option to purchase.

The actual notices of withdrawal by appellant and of the exercise of the option to purchase were not actually made in writing, but the partners discussed the whole nego-

tiations for some weeks prior to May 31, 1950. The attorney was requested to draw up the necessary papers, but to leave blank the amount of money to be inserted in the bill of sale.

At the meeting had by the parties on May 31, 1950 the attorney brought all of the instruments, except Exhibit "J" which were complete except for the amount of consideration to be filled in, and appellant's wife had executed all of the instruments that required her signature.

Exhibit "J" referred to as the letter of restriction, was prepared during the course of the meeting, and was signed by appellant shortly after all of the doctors had signed the other instruments, and thereafter the check for $22,192.80 was delivered to appellant.

Appellees take the position that regardless of whether Exhibits "I" and "J" had been filled in as to the sales price of $22,192.80 that such exhibits and the other instruments signed by the respective parties were all delivered to the attorney to hold until the entire agreement had been reached; that the $22,192.80 figure was agreed to by all parties; that the figure was then filled in on Exhibit "I" and on Exhibit "J"; that a check for $22,192.80 was made out to appellant to close the transaction and copies of the instruments delivered by the attorney to each of the parties.

Exhibit "I" is a Bill of Sale executed by A. E. Wiedeman and wife Dorothy Pace Wiedeman for a consideration of $22,192.-80 paid in cash by F. W. Howell and C. H. Cox, Jr., to all furniture and fixtures, all medical equipment, instruments, drugs, etc. in the Temple Medical Clinic; the bank accounts, the good will of the business, the right to use the trade name; all accounts receivable, and all other property and assets belonging to the copartnership.

The transfer of the shares of stock in the name of A. E. Wiedeman to C. H. Cox, Jr. et al, was ratified and confirmed, and the bank authorized to release from its escrow deposit the stock certificates.

The letter of restriction identified as Exhibit "J" is as follows:

"Dr. F. W. Howell     May 31, 1950
and C. H. Cox, Jr.     Temple, Texas
Temple, Texas

"Dear Sirs:

"This letter is to be taken as an addendum to that certain contract and agreement dated May 31, 1950, wherein the undersigned (joined by his wife, Dorothy Wiedeman) has sold and conveyed unto you all right, title and interest in and to the partnership assets and property of Temple Medical Clinic and the corporate stock owned by the undersigned and his wife in C. H. & W. Company, Inc., for a total consideration of the sum of $22,192.80, and for said consideration the undersigned does further warrant, covenant and agree that he will not engage in the practice of medicine within an area of ten (10) miles from Temple, Bell County, Texas, for a period of ten (10) years from date hereof.

Yours very truly,

s/ A. E. Wiedeman

A. E. Wiedeman"

A jury was impaneled and all parties to the litigation testified.

At the close of the testimony appellees moved for an instructed verdict which motion was granted by the court.

The motion in part reads as follows:

"1—For the reason that the introduction of parol testimony on the part of the Defendant as to what of consideration to support the restrictive covenant made by Defendant not to engage in the practice of medicine within ten (10) miles of Temple, Bell County, Texas, for a period of ten (10) years from May 31, 1950, is inadmissible as a matter of law.

"2—For the reason that as a matter of law the agreement contained in

Plaintiffs' Exhibits C, D, E, F, G and H had the nature and category of prior agreements and negotiations and were subsequently merged into the written contract and agreements set out in the Plaintiffs' Exhibits I and J, and that the introduction by Defendant of parol testimony to vary the terms of such written instrument is wholly inadmissible as a matter of law.

"3–For the reason that as a matter of law the agreement of the Defendant not to engage in the practice of medicine within ten (10) miles of Temple, Bell County, Texas, within ten (10) years from May 31, 1950, was contractual in character and the admission of parol testimony by Defendant to vary the terms of such contractual written agreement is inadmissible as a matter of law.

"4–For the reason that there is no evidence to support a verdict for the Defendant.

"5–For the reason that there is no sufficient evidence to support a verdict for the Defendant.

"6–For the reason that from the testimony adduced on the trial of this case, that reasonably minded jurors can not differ in a finding of the verdict for the Plaintiffs."

The court entered judgment as follows:

"Wherefore, on said verdict and the undisputed evidence, the Court does now consider, order, adjudge and decree that the Defendant A. E. Wiedeman be, and he is hereby, permanently restrained and enjoined from engaging in the practice of medicine within an area of ten (10) miles from Temple, Bell County, Texas, for a period of ten (10) years from May 31, 1950, and that all costs in this cause be taxed against the Defendant for which let execution issue."

■ It is our opinion that a valid, enforcible contract between Dr. Wiedeman as seller and Drs. Howell and Cox as buyers was effected when the latter two wrote Dr. Wiedeman that they desired to exercise their option to purchase his interest in the partnership and the capital stock held by him and his wife in the C. H. & W. Company, Inc. according to the terms of the contract, partnership agreement, dated June 16, 1949.

It is undisputed that the amount of cash paid Dr. Wiedeman for his interest in the partnership and for his corporate stock did not exceed the amount to which he was entitled under the partnership agreement.

It is also undisputed that no consideration was paid by Drs. Howell and Cox other than such cash consideration and no other consideration was received by Dr. Wiedeman.

It is also an obvious fact that in the partnership agreement there was no obligation on the part of a withdrawing partner to agree as Dr. Wiedeman did regarding the locale of his future practice and there was no condition of such nature attached to the exercise of the purchase option on the part of Drs. Howell and Cox.

Under these facts the money payment to Dr. Wiedeman could not constitute consideration for the execution of the collateral restrictive agreement on his part since such payment was obligatory upon Drs. Howell and Cox under the contract created by the exercise of the purchase option.

■ The law is well settled in that in the absence of conditions, unforeseen at the time of entering into a contract, rendering execution of a contract inequitable or unconscionable, that a promise to pay additional compensation to procure performance of a contract is without consideration and unenforcible. 10 Tex.Jur. p. 139; 17 C.J.S., Contracts, § 112, pp. 465–467; Jones & Carey v. Risley, 91 Tex. 1, 32 S.W. 1027; Hogan v. Crawford, 31 Tex. 633; Universal Credit Co. v. Cole, Tex.Civ.App., 146 S.W.2d 222; Jarrell v.

384

Mortgage Bond Co. of N. Y., Tex.Civ.App., 129 S.W.2d 379; Rieger v. Smith, Tex.Civ.App., 2 S.W.2d 883; Terrell, Atkins & Harvin v. Procter, Tex.Civ.App., 172 S.W. 996; Bonzer v. Garrett, Tex.Civ.App., 162 S.W. 934; Wilson v. Ellis, Tex.Civ.App., 106 S.W. 1152; Walker v. Tomlinson, 44 Tex.Civ.App. 446, 98 S.W. 906; Panhandle Refining Co. v. Bennett, Tex.Civ.App., 13 S.W.2d 923; Bates Grain Co. v. Cassidy, Tex.Civ.App., 225 S.W.2d 1018.

In accordance with these views the judgment of the trial court is reversed and judgment is here rendered that appellees take nothing by their suit.

Reversed and rendered.